## KARTHAUS *vs.* OWINGS.—*June,* 1830.

K sued out a writ of Replevin, gave the usual bond, and the sheriff replevied the goods demanded. Judgment being rendered against him, he appealed and filed the usual appeal bond conditioned to prosecute his appeal with effect, and satisfy the damages and costs awarded by the county and appellate courts. Judgment was rendered against him upon the appeal. In an action upon his appeal bond the following questions were decided :

1. That a replication assigning as a breach " that the defendant did not prosecute his appeal with effect to the damage of the plaintiff, &c." was sufficient upon general demurrer, was an answer to a plea of general performance, and a plea " that the defendant did prosecute his appeal with effect."

2. That a plea in bar " that the appellant paid the debt, damages and costs adjudged by the County Court, and all costs and damages that were awarded by the appellate Court," is defective upon general demurrer, being no answer to the judgment for a return of property and costs.

3. That a plea in bar " that the replevin bond was, after the recovery in the appellate Court, and before the institution of this action, sued against B, (the surety of K therein) to judgment, and that B satisfied the plaintiff for that judgment," is also defective upon general demurrer. The costs of the appellate Court are not paid by such satisfaction, nor does the plea show that the judgment of the County Court was satisfied before this action was brought.

4. That the plaintiff might give in evidence the value of the goods replevied; the record of the replevin was proper evidence to identify them, and the appraisement made in such cases was *prima face* evidence of their value.

5. That the plaintiff's right to recover interest on the value of the goods replevied and costs of the replevin, was a question exclusively for the jury, and that the bills of exceptions taken and signed in the action of replevin, could not be read to the jury to show that interest ought not to be allowed.

6. That the record of the judgment against B the surety, and the execution thereupon issued, returned "*cepi*," " staid by injunction," is not evidence to show that the plaintiff had been satisfied that judgment, or that the amount thereof ought to be allowed by the jury in the assessment of damages.

The sound legal construction of the condition of an appeal bond, is, that it is an undertaking to reverse the decision appealed from, or satisfy the judgment of the appellate Court.

Where a plea contains matters of fact, as well as matters of record, it should not conclude with a verification by the record, but with a verification to the country.

A plea in bar must be a substantial and conclusive answer to the action.

The appraisers authorised in the case of rent by the *Statute Geo.* 2, have in practice been resorted to in all cases of replevin in this State, for the purpose of ascertaining the value of the goods replevied; their appraisement is *prima facia* evidence of the value of goods taken.

APPEAL from *Baltimore* County Court.

This was an action of *Debt*, on an appeal bond, dated May 2d, 1809, executed by the appellant, *Peter A. Karthaus*, on an appeal from a judgment in favor of the appellee, *James Owings*, as plaintiff in a replevin suit in *Baltimore* County Court. The condition of the bond is as follows: " Whereas the said *James Owings* did obtain judgment against the said *Peter A. Karthaus* in Baltimore County Court, in March term, 1809, and said *P. A. K.* is about to appeal from said judgment, so as aforesaid rendered, returnable to the next Court of Appeals. Now the *condition of the above obligation is such, that if* the said *P. A. K.* shall not pursue the directions of the act of assembly, entitled, " An act for regulating writs of error, and granting appeals to and from the Courts of common law within this province," at the next ensuing Court of Appeals, which shall be held for the western shore of the State of *Maryland*, and prosecute the same writ with effect, and also satisfy and pay to the said *J. O.* his executors, administrators and assigns, in case the said judgment shall be affirmed, as well all and singular, *the debt, damages and costs*, adjudged by the County Court aforesaid, as also all costs and damages that shall be awarded by the Court of Appeals aforesaid, then the said bond to be and remain in full force and virtue, otherwise of no effect."

The appellant, *Karthaus*, pleaded the following pleas, after craving *oyer* of the bond.

1. Performance generally of the condition of the bond.

2. That he did pursue the directions of the act of assembly, entitled, " An act for regulating writs of error, and granting appeals, &c." and did prosecute the appeal with effect.

3. That he pursued the directions of "the act, &c." at the " ensuing Court of Appeals, as meant and mentioned in the condition of the bond," and paid the debt, damages and costs, adjudged by the County Court, and also all costs and damages that were awarded by the Court of Appeals.

4. After setting out the execution of the replevin bond, with one *Charles L. Boehme* as surety, and the recovery in replevin in the County Court and the Court of Appeals, he pleaded—that the replevin bond was, after the recovery in the Court of Appeals, and before the institution of this action, sued against *Boehme* to judgment, and that *Boehme* satisfied the appellee the judgment.

5. After reciting the recoveries in replevin, as in the last plea, he pleaded that the replevin bond was sued to judgment by the appellee against *Boehme,* that a *ca. sa.* was issued on the judgment, that *Boehme* was taken under the *ca. sa.* and by the appellee and the sheriff was discharged from the execution.

6. After the recitals as to the replevin bond, and recoveries in replevin, as in the last pleas, he pleaded that after the recovery in the Court of Appeals, and before this suit was brought, the replevin bond was sued to judgment against *Karthaus;* that *Karthaus* appealed from the judgment—that his appeal was dismissed, and he was adjudged to pay costs, which he did pay accordingly.

To these pleas the appellee *replied* as follows:

To the *first* plea—that the appellant did not prosecute with effect his appeal from the judgment of *Baltimore* County Court. And he then assigned the following breaches.

1. That the appellant did not prosecute the appeal with effect.

2. That the judgment of *Baltimore* County Court was affirmed and ratified by the Court of Appeals, by whom it was also adjudged that the appellee *" should have a return of the said goods and chattels, to be detained by him irre-*

*plevisable for ever;"* and also, that costs and charges, &c. should be recovered against the appellant.

To the *second plea,* "that the appellant did not prosecute his appeal with effect, as alleged by him in his plea;"

To the *third, fourth, fifth* and *sixth* pleas, the appellee demurred, the appellant joined in these demurrers; and demurred to the replications to the first and second pleas.

The Court (ARCHER, Ch. J.) having given judgment against appellant on the demurrers, a writ of inquiry at bar was executed for assessing the appellee's damages. In the course of the inquisition the following *exceptions* were taken by the appellant:

1. The appellee offered evidence to prove the value of the goods replevied; but the appellant objected to the admission of the evidence, and the Court (ARCHER, Ch. J.) admitting it, he excepted.

2. To prove the value of these goods the appellee offered in evidence the records of proceedings in the replevin suit and appeal. And offered to prove that the property taken by the plaintiff in replevin, was worth the amount at which it was appraised, in the return made by the sheriff. The appellant objected to this evidence. The Court allowed it, and he excepted.

3. The appellee prayed the Court to direct the jury that they were at liberty to allow interest on the amount of the value of the replevied goods, and on the costs incurred by him in the replevin suit. The Court gave the direction, and the appellant excepted.

4. The appellant then, to show the jury that in the exercise of their discretion they ought not to allow interest on the value of the goods, offered to read to them the whole of the matters set forth in the record of proceedings in the replevin suit, which record had already, (under the second exception,) been given in evidence by the appellee. The appellee objected to the reading of the statements and evidence set forth in the bills of exceptions contained in that record. And the Court were of opinion that the bills of

exceptions could not be read for the purpose aforesaid. To this opinion, and the refusal of the Court, the appellant excepted.

5. The appellant then offered to read in evidence the record of the judgment, and execution thereon, of the appellee against *Boehme* as surety in the replevin bond, to show that, to the amount of said judgment, the appellee had been satisfied, and that, that amount ought in the present assessment of damages to be allowed the appellant. The record showed that a *ca. sa.* issued on the judgment, and that the sheriff returned to the *ca. sa.* "*cepi,*" "*staid by injunction.*" The Court refused to admit this record in evidence for such purpose. The appellant excepted, and the verdict and judgment being against him, he appealed to this Court.

The cause came on to be argued before BUCHANAN, Ch. J. EARLE, MARTIN, and STEPHEN, J.

*Mayer*, for the appellant, contended,

1. That the *replication* to his *first plea* is insufficient, because the allegation that the appellant did not prosecute with effect, presents no issuable point; and because the proceedings in the prosecution of the appeal ought in substance to have been stated, and especially the nature of the judgment in *Baltimore* County Court; that without previously describing that judgment, the allegation, in the assignment of the breach, that it was adjudged in the Court of Appeals that the appellee "*should have a return of said goods and chattels,*" is unmeaning and insufficient; that upon the terms of the condition of the appeal bond which refers to a judgment of the County Court, rendered for "*debt, damages and costs,*" no breach could be assigned as upon a judgment for return of goods and chattels; and that, at least, the replication and assignment of breach should have alleged a failure of the appellant to perform the judgment of the Court of Appeals. On this point he cited, *Marston vs.*

*Hobbs,* 2 *Massa. Rep,* 433. 1 *Buller's N. P.* 166. *Karthaus vs. Owings,* 6 *Harr. and Johns.* 134.

2. The *replication* to the *second* plea is liable to the objections just mentioned, and to the further objection that no breaches are assigned. *Morgan vs. Blackiston,* 5 *Harr. and Johns.* 61.

3. Upon the *demurrer* of the appellee to the *third* plea, the appellant insists that the plea, if true, is a final bar to the appellee's claim, according to the *condition* of the bond; the " *debt, damages, and costs,*" adjudged by the County Court, and the costs and damages awarded by the Court of Appeals, being the full measure of the claim for not " prosecuting the appeal with effect," according to the terms of the condition; that therefore the plea is applicable and is well pleaded. *Warner vs. Theobald, Cowper,* 588.

4. Upon the appellee's *demurrer* to the *fourth plea,* the appellant contends—that the judgment obtained against *Boehme* on the replevin bond, after the judgment in the Court of Appeals, and alleged to have been paid and satisfied by *Boehme,* bars the appellee's demand; because the claim which the appellee acquired under the replevin bond, after the judgment in the Court of Appeals, was coextensive, and, in effect, identical, with any demand he could have then had, or can now have, under this appeal bond. *Carthew* 248, 519. Cases in the time of *Hardwick,* 137. *Jenney vs. Jenney,* 14 *Massa. Rep.* 231. 1 *Showers,* 400—1 *Saund.* 39. *Arnold vs. Bailey,* 8 *Massa. Rep.* 145. *Karthaus vs. Owings,* 6 *Harr. and Johns.* 134. 3 *Wilson,* 308. 1 *Shower,* 146. 2 *Ib.* 211. *Ferrers case,* 6 *Coke Rep.* 7. *Higgins case, Ib.* 45. *Sparies case,* 5 *Coke Rep.* 61. *Barnes vs. Crafter,* 2 *Wm. Blk.* 827. *Snider and Van Vechten vs. Croy,* 2 *Johns. Rep.* 227. *Rice vs. King,* 7 *Ib.* 20. *Johnson vs. Smith,* 8 *Johns. Rep.* 383. 1 *Saund.* 5 *note,* (1.) *Le Guen vs. Gouverneur and Kemble,* 1 *Johns. Cases,* 436. *Leonard vs. Wilkins,* 9 *Johns. Rep.* 232. *Wheeler vs. Van Houten,* 12 *Ib.* 311. *Canfield*

*vs. Monger, Ib.* 347. 13 *Ib.* 187. *Grant vs. Button,* 14 *Ib.* 377.

5. On the *demurrer* to the *fifth plea,* it will be contended, that the taking of *Boehme* under *ca. sa.* upon the judgment on the replevin bond, and the appellee's and the sheriff's discharge of him from that execution, amount to a satisfaction of the judgment—and that that judgment, covering the whole claim under this appeal bond, the satisfaction is a bar in the present action. *Croke Ch.* 75, 153.

6. On the appellee's *demurrer* to the *sixth plea,* it is contended—that the recovery of judgment on the replevin bond against the appellant, as stated in the plea, bars the appellee; because the suit being brought on the bond after the judgment in the Court of Appeals, and affording the appellee as large a remedy as he had under the appeal bond, and the *same evidence* being applicable to the actions on the replevin bond, and appeal bond, in point of law the *cause of action* in either case is the same; and recovery in one of the cases is all that will be allowed the appellee; and that consequently, the recovery, even without satisfaction, on the replevin bond *against the appellant,* is a bar to the present suit against him.

Upon the exceptions the appellant contends as follows:

On the *first* and *second exceptions*—The evidence of the value of the replevied goods was inadmissible, because the condition of the appeal bond does not justify the assignment of a breach in *not returning goods and chattels*—and because the record, on the subject of the value of the goods showing only the sheriffs' appraisement, which is in no respect the act of the plaintiff in replevin, is not evidence of the value against the plaintiff. *Parker vs. Kennedy,* 2 *Bay,* 408. *Rowley vs. Stoddart,* 7 *Johns. Rep.* 211.

On the *third exception*—Interest ought, at least, not to have been allowed to be given by the jury upon the costs.

On the *fourth exception*—The whole of the matter contained in the record of the replevin suit was admissible in evidence, because the same record of proceedings had al-

Karthaus *vs.* Owings.—1830.

ready been given in evidence by the appellee; because it was the only means that the appellant could use to inform the jury on the point of the propriety of charging the appellant with interest; and the only data they could refer to in the exercise of any discretion on the subject of allowing interest to any extent. Because, if not evidence of the facts set forth in the bills of exceptions in the record, the whole proceedings, including the statements of these facts, might have been read to show *the nature of the controversy* between the parties; and thus to guide the judgment of the jury as to the charge of interest. *Newson vs. Douglass,* 7 *Harr. and Johns.* 417. *Dederer vs. Del. Ins. Co.* 2 *Wash. C. C. Rep.* 62.

5. On the *fifth exception*—The legal inference from the proceedings on the judgment against *Boehme,* mentioned in this exception, is, that the judgment was satisfied; because the sheriff, having taken *Boehme* on the *ca. sa.,* could not, under any injunction, discharge him according to the law at that period; and, therefore, it was the appellant's right to insist on *Boehme's* commitment, and to make the sheriff answerable by defaulting him if he had discharged *Boehme.* But the return being equivocal, must not be interpreted to mean that the sheriff did discharge *Boehme,* the law not allowing such an effect to an injunction; and hence, especially, ought the record to have been allowed to be read in evidence, leaving to the appellee the right of rebutting, by other evidence, the presumption of satisfaction of the judgment derived from the proceedings against *Boehme* under the execution.

*Taney,* (Attorney General,) and *Johnson* for the appellee.

1. In considering the defendant's demurrer to the plaintiff's replication to the first plea, we must ascend to the first error, *Murdock vs. Winter,* 1 *Harr. and Gill,* 471. The first error is in the plea of general performance. The bond, the foundation of the suit, contains alternative conditions, and the performance of but one, pre-supposes the violation of

the other. One of the conditions is, that the appellant shall prosecute with effect; that is, to a successful termination of the appeal, and therefore the plea of payment, admits that he has not prosecuted with effect—the conditions being inconsistent, the plea of general performance is not good. *Stevn's Plea.* 369. Such a plea is not good, where the condition is in the alternative. *Ib.* 369. 2 *Saund.* 410, note (3) 2 *Chitty's Plea,* 529, *note.* But the breaches are well assigned, it being sufficient to negative the words of the covenant. *Marston vs. Hobbs,* 2 *Mass. Rep.* 437. 1 *Chitty's Plea.* 326. The covenant here is, that he will prosecute with effect, and the replication avers, that he *did not prosecute with effect,* which is in conformity with the decision in *Karthaus vs. Owings,* 6 *Harr. and Johns.* 134. If payment of the damages, &c. is a discharge, it should have been pleaded by the other side. *Ferguson vs. Cappeau,* 6 *Harr. and Johns.* 394. 1 *Chitty's Plead.* 298. If there is one good breach, it is immaterial what may be thought of the others, as upon the demurrer the final judgment must be for the plaintiff, if a declaration containing a good *count,* is demurred to, the plaintiff is entitled to judgment. *Wall vs. Wall,* 2 *Harr. and Gill,* 79.

2. The second plea alleges that defendant prosecuted with effect; the breach assigned is, that he did not prosecute with effect. If the plea is good, the breach is well assigned—if the breach is bad, the plea must be bad, and on the demurrer, we go to the first fault.

3. The third plea avers the performance of that, the non-performance of which, when assigned as a breach, was adjudged to be no breach. *Karthaus vs. Owings,* 6 *Harr. and Johns.* 134. A plea in bar must answer the whole of the plaintiff's case, and if it does not, it may be demurred to, by craving *oyer* of the bond—it is incorporated in the declaration, and every obligation imposed by it, must be averred by the defendant to have been performed; one of the obligations created by this bond, was, to prosecute with effect, and the plea does not aver the performance of this. On

this point they referred to 2 *Chitty's Plead.* 619, 620, 621, 622. 3 *Ib.* 290.

4. This plea does not allege, that the amount recovered in the suit on the replevin bond, is the same as is mentioned in the appeal bond. The plea of a former recovery must state affirmatively that the amount recovered in the first case is the same as is sued for in the second case. If the plaintiff in replevin fails in the County Court and appeals, but gives no appeal bond, his replevin bond is, notwithstanding, subject to be immediately put in suit. The appeal bond, therefore, constitutes a distinct, and independent liability. In this action, the evidence is essentially different from what would have been required in a suit on the replevin bond; nor is the thing stipulated to be done by the two bonds the same. In an action on the replevin bond, the costs of the appeal could not have been recovered, but if they could, the plea does not aver their payment. The conditions of the two bonds being variant, the performance of one cannot be pleaded to a suit on the other.

5. The allegation in this plea is, that the judgment against *Boehme*, the surety in the replevin bond, was technically satisfied. Such a defence can never be made by the principal. A mere technical discharge of one defendant, will not discharge a co-defendant. 3 *Chitty Black.* 327, (*note.*) *Brickwood vs. Anniss*, 5 *Taunt.* 614.

6. In support of the demurrer to this plea, they referred to 3 *East. Rep.* 250.

In arguing the exceptions, the breaches are to be assumed as well assigned.

On the *first* exception they cited *Karthaus vs. Owings*, 6 *Harr. and Johns.* 134.

2. The objection to the admissibility of the proof in this exception does not arise. The records were not offered to prove the value of the goods in the replevin suit, but to prove what those goods were. The value was proved by parol, and the defendant's prayer sought to exclude the whole. But suppose the question is presented in an action

against the plaintiff in replevin, the appraisement is *prima facie* evidence. Act 1799, *ch.* 86, *set.* 1. *Scott vs. Dorsey,* 1 *Harr. and Johns.* 233.

3. On the *third* exception they referred to *Newson vs. Douglass,* 7 *Harr. and Johns.* 453.

4. Facts set forth in an exception, taken on a former trial between the same parties, are not admissible upon a subsequent trial, against the party against whom the exception was taken. 1 *Bac. Abr.* 528.

5. On this exception, they referred to *Cro. Chas.* 440, 445. 2 *Bac. Abr.* 719.

Stephen, J. delivered the opinion of the Court.

This suit was instituted on an appeal bond, on an appeal from a judgment of *Baltimore* County Court, rendered in favor of the appellee, against the appellant. In the course of the argument various questions were raised, and pressed with considerable zeal and energy; some of which are not free from difficulty : but one of the points on which the counsel of the appellant seemed mainly to rely, has already been solemnly adjudicated by this Court, and ought not now to receive a different decision, unless that adjudication was manifestly founded upon untenable and erroneous principles. To this action the defendant pleaded. *First,* the plea of performance generally. And here the Judge referred to the pleadings——Bills of exceptions and judgment of the County Court, as before set out, and then proceeded,—— Was the judgment of the Court below correct in over-ruling the defendant's demurrer to the replication to the first plea ? We think it was. It is not necessary to decide whether the plea of general performance was properly pleaded in the present case, or whether, if it was not, advantage could be taken of it by a general demurrer, or whether its ambiguity, with reference to the stipulations contained in the condition of the bond, was cured by the breach assigned in the plaintiff's replication; because it has been adjudged by this Court in *Karthaus vs. Owings*

6 *Harr. and Johns.* 134, that such breach was properly assigned, and the defendant's demurrer admitting the facts therein stated to be true, the plaintiff of course was entitled to judgment, according to the established principles of pleading. Independently of the weight justly due to a former decision of this Court, we think the breach was properly assigned by a negative averment that he had not, in the language of the condition of the bond, " prosecuted his suit with effect." In assigning breaches the general rule is, that they may be assigned, by negativing the words of the covenant. The exception to this rule is, that when such general assignment does not necessarily amount to a breach; the breach must be specially assigned. 1 *Esp. N. P.* 158. 2 *Mass. T. Rep.* 433, 1 *Wheat. Selwyn,* 416 are to the same effect. The covenant of seisin and of right to convey come within the rule. The covenants against incumbrances, and for quiet enjoyment, come within the exception, for the defendant does not covenant against all interruptions of the plaintiff's possession, nor against all possible incumbrances. To these covenants, the breaches should be specially assigned, shewing the nature of the incumbrance, and interruption complained of. The covenant of warranty also comes within the exception: for the defendant is not bound, by his general warranty, to warrant against all claims and ousters, and the plaintiff must assign a breach, by shewing an ouster by an elder or paramount title. "It is not necessary to state matter which would come more properly from the other side." The meaning of this rule is, that it is not necessary to anticipate the answer of the adversary : which according to *Hale,* C. J. is " like leaping before one comes to the stile." It is sufficient that each pleading should in itself contain a good *prima facie* case, without reference to possible objections not yet urged, *Step. on Plea.* 354. As strongly and strikingly illustrative of the principle there laid down, he refers to a case decided in 1 *Term. Rep.* 638, where there was a covenant in a charter party " that no claim should be

admitted, or allowance made for short tonnage, unless such short tonnage were found and made to appear on the ship's arrival on a survey to be taken by four shipwrights, to be indifferently chosen by both parties;" and in an action of covenant brought to recover for short tonnage, the plaintiff had a verdict; the defendant moved in arrest of judgment, that it had not been averred in the declaration, that a survey was taken and short tonnage made to appear. But the Court held that if such survey had not been taken, that was matter of defence which ought to have been shown by the defendants; and refused to arrest the judgment; and *Ashhurst*, Justice, in delivering the opinion of the Court, lays down the following principle: "that where a right of action is once vested, any circumstance, the omission of which goes to defeat it, whether called by the name of a proviso by the way of defeasance, or a condition subsequent, must in its nature be a matter of defence, and ought to be shewn by the defendants: and all that is necessary *prima facie* to found an action of covenant upon, is, that the covenant should be broken." In *the* case of *Ferguson vs. Cappeav*, 6 *Harr. and Johns.* 401, the same rule is sanctioned and established. This Court there say, " It is a settled rule in pleading, that in an action founded upon a contract, if there be in the contract a proviso or condition, which operates only in defeasance of it, or merely respects the liquidation of damages, after a right to them has arisen by a breach of the contract, it is not necessary to be stated in the declaration, but should come from the other side; but that if there be a condition precedent, or a proviso or other matter, which qualified the contract, or goes in discharge of the liability of the defendant, it must be stated." Upon failing to prosecute his suit with effect or to a successful termination, or in other words upon the affirmation of the judgment of the Court below by the Court of Appeals, the event occurred, by which the condition of his bond became broken, and he could only be discharged from his liability, by performing the alternative stipulation, in satis-

fying the judgment pronounced by the Court of Appeals, this being matter which operated in defeasance of his responsibility, ought to have been pleaded by the appellant; for the sound legal construction of the condition of the appeal bond, was an undertaking to reverse the decision of the County Court, or satisfy the judgment of the Court of Appeals; and as the Court decided in 1 *Term. Rep.* 638, above referred to, that a right of action vested in the plaintiff from the defendants not having fully laden the ship before she left India, which they were bound by the covenant to do, and that all that is necessary *prima facie* to found an action of covenant upon, is that the covenant should be broken (and the principle is here equally operative,) so here we consider that a right of action vested in the appellee, when the appellant failed to prosecute his suit with effect, which by the condition of his bond he explicitly bound himself to do; from which right of action if he wished to discharge himself, it was his duty to have pleaded by way of defence that he had satisfied the judgment rendered by the Court of Appeals. We are therefore of opinion that the breach was well assigned by the averment that the appellant "did not prosecute his suit with effect," to the damage of the plaintiff as there stated, and that the replication, concluding as it did, was right; for where a plea contains matter of fact as well as matter of record, it should not conclude with a verification by the record, but with a verification to the country. 2 *Saun. Plea. and Evid.* 315. 3 *Mod.* 79, there referred to—Upon the appellant's demurrer to the replications of the appellee, to the appellant's *first* and *second* pleas, we therefore think the judgment of the Court below was correct.

As to the *third, fourth, fifth* and *sixth* pleas of the appellant, to which the appellee demurred; and the appellant joined in demurrer. The principles of sound logic constituting the basis of the science of pleading, a plea in bar must be a substantial and conclusive answer to the action, *Step. on Plea.* 71. This Court are of opinion that the *third*

plea of the appellant is defective, because it should shew a compliance with the judgment of the Court of Appeals : every word of the plea may be true and yet the condition of the bond be broken ; the plea that he had paid the debt, damages and costs adjudged by the County Court, and also all costs and damages that were awarded by the Court of Appeals, is not a sufficient answer to the judgment of the Court of Appeals, which is for a return of property and costs.    He should have set out the judgment of the appellate Court, and then pleaded satisfaction of it, in order to discharge himself.    That the appeal bond covers a case of replevin is no longer an open question, and if it was, the defence of the appellant must present a conclusive answer to the claim of the appellee, which is for a return of the property and costs.

The *fourth* plea we consider is likewise defective. The satisfaction of a judgment recovered, in a suit upon the replevin bond against the surety of the appellant, would be no bar to a suit upon the appeal bond, because the judgment in the County Court, is not co-extensive with the judgment in the Court of Appeals; the costs in the Court of Appeals at all events are not covered by it.    And the plea moreover does not state that the judgment of the County Court was satisfied before this suit was brought, which was an essential averment to constitute a legal and valid plea in bar.

The *fifth* plea is equally, if not more defective than the *first;* certainly the technical satisfaction there pleaded would not be a bar to this suit, if the satisfaction pleaded in the former plea would not; besides an entry of the execution "not called by consent," is perfectly consistent with the facts contained in the plea, which, as we have seen, must be a substantive and conclusive answer to the action.

The *sixth* plea is still more feeble, ineffective, and unavailing than the others, with which it stands associated.    It is, that judgment was obtained against him in

a suit upon the replevin bond, from which he appealed to the Court of Appeals; that his appeal was dismissed, and he was adjudged to pay costs, which he did pay accordingly. He admits in express terms that he did not prosecute his suit with effect, and the payment of costs, clearly was no bar to this suit.

In the execution of a writ of inquiry at bar for the purpose of assessing the damages of the appellee, (the judgment of the County Court on the demurrers being against the appellant) five exceptions were taken by the appellant. As to the first exception, we think the evidence admitted by the Court below was properly received, as it was adduced to prove the value of the goods replevied. The decision of this Court in 6 *Harr. and Johns.* 134, clearly settles this question. That case shews, that you may recover the value of the property upon the affirmance of the judgment, by pleading that the suit was not prosecuted with effect. The opinion of the Court below, expressed in the second exception, was not erroneous, because the records were proper evidence to identify the goods replevied. The appraisers, in the case of rent, are authorised by a statute passed in the reign of *George 2d.* 6 *Bacon's Abr.* 60, and have in practice been resorted to in all cases of replevin in this State, for the purpose of ascertaining the value of the goods replevied, in order as directed by that statute in the case of rent, to ascertain the sum in which the replevin bond is to be taken. This Court are therefore of opinion, that the appraisement was at least *prima facie* evidence of the value of the goods, at the time of the replevin, and was legally admissible in evidence for the establishment of that fact. The opinion of the Court we also think correct as stated in the *third* exception, in which they refused to exercise a controlling power and jurisdiction over the jury upon the subject of interest, to whom, in such a case, the power of granting it exclusively belongs, according to the decision of this Court in the case of *Newson and Douglass*, 7 *Harr. and Johns.* 453. We do not

think that the Court erred in the opinion expressed in the *fourth* exception, because the statements and evidence contained in the exceptions in the replevin suit were clearly not admissible, or legal evidence, to influence the jury in the allowance of interest. If the witnesses were living, they ought to have been produced. *Bowie vs. O'Neal,* 5 *Harr. and Johns.* 231. Even proof of their testimony on the first trial, in case of their deaths, is only admissible upon the ground of necessity, no evidence that they were dead was offered in this case.

We are also of opinion that the Court were clearly right in the opinion given in the *fifth* exception. The discharge of the defendant by injunction, without the assent of the creditor, was clearly no satisfaction of his claim; we are therefore of opinion that the judgment of the Court below ought to be affirmed.

                                        JUDGMENT AFFIRMED.