A. & A. MASONRY CONTRACTORS, INC.
*v.* POLINGER ET AL.

[No. 34, September Term, 1970.]

*Decided October 13, 1970.*

The cause was argued before HAMMOND, C. J., and MC-WILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Stanley R. Jacobs* for appellant.

*Harvey H. Holland, Jr.*, with whom was *William N. Dunphy* on the brief, for appellees.

SMITH, J., delivered the opinion of the Court.

Appellant A. & A. Masonry Contractors, Inc. (A. & A.) sued appellees, Howard Polinger, *et al.* (Polinger) for labor and materials furnished in connection with construction of an apartment hotel in Montgomery County for Polinger. Polinger filed a counterclaim. The matter was removed to Dorchester County for trial where a finding was made in favor of A. & A.

A. & A. appeals to us contending, (1) that it should have received judgment for even more, having particular reference to a claim for $9,328.42; (2) that the trial court failed to include interest in the judgment in favor of A. & A.; and (3) that the trial court failed to direct the clerk to enter the judgment to carry interest.

For procedural reasons we shall be obliged to dismiss the appeal. To avoid a further appeal to this Court we shall indicate our views relative to liability and procedure pursuant to Maryland Rule 885.

## I.

On the matter of the additional claim of A. & A. we adopt the pertinent portion of the opinion of Judge Mace in the trial court in which he said:

"I find that by proposal dated March 24, 1965, plaintiff undertook to do certain masonry work on an Apartment-Hotel known as Highland House, located in Chevy Chase, Maryland, which was being constructed by the defendants. The proposal in the amount of $205,000 was accepted by defendants on April 7, 1965, although, there

were further discussions. At that time, the defendants inserted two paragraphs on the bottom of page two of the proposal relating to the setting of Cast Stone and the incorporation of certain conditions which appear on a printed sheet attached to the agreement. On May 13, 1965, at a meeting between the parties or their representatives, an additional two paragraphs were inserted at the bottom of page two of the proposal, and initialed by the parties. The paragraphs read as follows:

'*This Contract* for Seaboard Glazed tile is for furnishing the 1¼″ thick 18″ x 24″ Ceramic Veneer Design Facing as shown on architects drawings No. 9, 15, 16, 26, 27 dated 9/14/64.

'*This contract* does not include a low fire glaze.'

(Emphasis added.)

"The biggest item in dispute is Change Order No. 23, in the amount of $9,382.42, and is made up of the terra cotta wall facing panels referred to in the two quoted paragraphs. Plaintiff maintains that it is extra to the basic proposal, and defendants claim that it is included in the basic proposal and contract. It is conceded that plaintiff typed the two paragraphs, and that defendant inserted in ink the phrase 'for Seaboard Glazed tile', which appears as an interlineation in the first of the two paragraphs. Both parties took the position that the contract was clear and unambiguous in their respective favor. The Court, in an effort to throw additional light on the general intention of the parties, heard testimony and admitted documentary evidence relating to the circumstances and the actions of the parties concerning the terra cotta work. This evidence, while extensive and conflicting, does not change the findings of this Court as based

on the contract itself, and within its four corners. It is conceded that the proposal of March 24, 1965, was the only contract between the parties. The two paragraphs in question each refer to 'this contract', and simply set forth the size of the terra cotta to be furnished, and by the insertion in ink by the defendant, the manufacturer's name. Nowhere, is there any reference to the tile as an extra, nor any indication that the two paragraphs are intended to comprise a separate contract for the tile. The first sentence of the basic contract provides:

'We propose to do *all of the masonry work* in accordance with the *Architectural Drawings identified as Sheet 1 thru Sheet 29 inclusive and Structural Drawings identified as Sheet S1 thru S17, all dated September 14, 1964,* prepared by your Architect Berla & Abel, *in accordance with Division 4 "Masonry & Cast Stone",* of the Specifications bearing no date, Section 4A paragraphs 1 thru 12, for the Apartment-Hotel, West Chevy Chase, Maryland, known as Highland House for Messrs. Milton & Howard Polinger, being constructed by you at Wisconsin Avenue and High Street, West Chevy Chase, Maryland, for the sum of TWO HUNDRED FIVE THOUSAND DOLLARS ($205,000.).' (Emphasis added.)

"The foregoing provision incorporates specific drawings which were in evidence, and which showed by drawing and by written words, the specific location and the specific wall areas to be faced with terra cotta veneer panels, along with the other masonry work, describing the terra cotta facing to be furnished, including the method of installing the same. This information is specifically set forth in Division 4 of the specifications.

"When the evidence beyond the written con-

tract is considered, I reach the same conclusion. Defendants' Exhibit 3, which is a general estimate from plaintiff's records, clearly shows that in making a detailed cost estimate for the masonry work on the Highland House job, at the bottom of such estimate and after adding sums for overhead, profit, supervision, et cetera, a figure of $200,000 was arrived at following the computation. It is clear that there was, then, added the sum of $9,000 indicated as terra cotta work, and a total of $209,000 which, obviously, was rounded out to a final bid or proposal of $205,000, which final figure was circled in red on the document. This, of course, is the figure quoted in the basic proposal. The specifications, originally, called for 20x20x1⅝'s terra cotta tile. A less expensive terra cotta panel, 18x24x1½ was finally approved on May 13. It appears clear that by adding the two paragraphs in question, the plaintiff was protecting itself in the use of the less expensive panel, in lieu of that required by the specifications, and by inserting in ink 'Seaboard Glazed tile', defendants were assuring that the desired brand would be used. I find, therefore, that the claimed extra of $9, 328.41 [sic] was, in fact, incorporated in the basic contract."

## II.

Judge Mace was the trier of fact in this case. The cases of *City Pass. R. W. Co. v. Sewell*, 37 Md. 443 (1873), and *Atlantic States v. Drummond and Co.*, 251 Md. 77, 246 A. 2d 251 (1968), are dispositive of the claim of A. & A. that the trial judge erred in not including interest on the sums he allowed in the judgment he directed be entered in its favor. In *City Pass. R. W. Co.* our predecessors said:

"It must be conceded that interest is not an inseparable and invariable incident of claims for

money, or unliquidated accounts. 'It is recoverable as of right, upon contracts in writing to pay money upon a day certain; as upon bills of exchange and promissory notes, or on contracts for the payment of interest, or where the money claimed has been actually used, and upon bonds, etc., but in other cases, *it is a question entirely for the jury to be decided according to the equities of the transaction.' Newson v. Douglass,* 7 H. & J. 417; *Karthaus v. Owings,* 2 G. & J. 430." (emphasis in original) *Id.* at 452.

In *Atlantic States* Judge McWilliams said for the Court:

"Ordinarily the matter of interest is left to the discretion of the jury or the court sitting without a jury. In *Affiliated Distillers Brands Corp. v. R. W. L. Wine & Liquor Co.,* 213 Md. 509, 516, 132 A. 2d 582 (1957), we said:

'However, this general rule is subject to certain exceptions that are as well established as the rule itself. Among the exceptions are cases on bonds, or on contracts, to pay money on a day certain, and cases where the money has been used. If the contractual obligation be unilateral and is to pay a liquidated sum of money at a certain time, interest is almost universally allowed from the time when its payment was due. [Citing cases.]'

"To the same effect see *Mullan Contracting Co. v. International Business Machs. Corp.,* 220 Md. 248, 151 A. 2d 906 (1959)." *Id.* at 85.

The trial court did not err in not including interest in the judgment.

### III.

We next pass to the contention of A. & A. that there was error in not directing that the judgment bear interest from its date. An examination of the docket entries reveals a reference to the filing of the memorandum opin-

ion of the trial judge. The next succeeding docket entry is an order for appeal to this Court. There is no docket entry reflecting entry of judgment *nisi*. Likewise, judgment absolute apparently was not entered.

In *Merlands Club v. Messall*, 238 Md. 359, 208 A. 2d 687 (1965), Judge Barnes said for the Court:

> "It is well settled that in an action at law tried by the court, the judgment absolute is entered a) within 3 days after the judgment *nisi* has been entered, if no motion for a new trial has been filed, or b) upon the denial of that motion, if such motion has been filed,—and is the 'final judgment' from which an appeal may be taken; any order for appeal filed prior to the entry of that judgment absolute is premature and without effect. *Md., Del. and Va. Ry. Co. v. Johnson*, 129 Md. 412, 99 A. 600 (1916)." *Id.* at 362-63.

Since there has been no judgment absolute, the appeal is prematurely taken and must be dismissed.

Maryland Rule 642 states:

> "A judgment *nisi* entered by the court following * * * trial by the court without a jury * * * shall be so entered as to carry interest from the date of the entry of judgment *nisi*."

Accordingly, upon the remand we have no doubt judgment *nisi* will be entered to carry interest in accordance with the rule.

*Appeal dismissed, appellant to
pay the costs.*