## PAGE-LOTEN *v.* HOWARD ET UX.

[No. 147, September Term, 1970.]

*Decided December 7, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Robert E. Bullard,* with whom was *Carmen D. Tidler* on the brief, for appellant.

*William E. Gallagher, Jr.,* for appellees.

PER CURIAM.

This is the latest in the long line of suits by real estate brokers against erstwhile customers. The land is in Montgomery County; the case was filed in Frederick County; the trial took place in Calvert County before Bowen, J., without a jury. "Judgment Nisi" in favor of the appellees (defendants below) was entered on 25 February 1970. On 26 March 1970 the Clerk of the Circuit Court for Calvert County was directed to "enter an appeal to the Court of Appeals from the judgment for the defendants." The judgment nisi is the only judgment ever en-

tered in the case. To repeat what we said in *Merlands Club, Inc. v. Messall*, 238 Md. 359 (1965), and confirmed in *A. & A. Masonry Contractors, Inc. v. Polinger*, 259 Md. 199 (1970), "any order for appeal filed prior to the entry of * * * [a] judgment absolute is premature and without effect." While we shall dismiss the appeal, the appellant may find consolation in learning that even had we entertained it we would have affirmed Judge Bowen's decision.

The trial generated about 100 pages of testimony. Judge Bowen confessed that it was a "close case" and, indeed, that it gave him a headache. However, he faced up to the necessity of having "to decide it one way or another." We have examined with care the testimony, noting the conflicts therein, the exhibits, and Judge Bowen's careful and comprehensive opinion. He was there; he saw the witnesses; he heard them testify. Maryland Rule 886 would require us to give "due regard" to his "opportunity * * * to judge the credibility of the witnesses." We are satisfied that we would be unable to say his judgment on the evidence was clearly erroneous. Nor is there any indication that he misapplied the controlling principles of law.

*Appeal dismissed.*
*Costs to be paid by the appellant.*