BEALE RANDALL vs. JOHN GLENN.—*December* 1844.

Where the plaintiff's demand is set forth in a general count, as for money lent, &c., the defendant may, at any time, before he has pleaded to the merits, call on the plaintiff to exhibit the particulars of his claim.

After pleading to the merits, it seems to be too late to object to the want of a statement of the particulars of the plaintiff's demand, or that the same is defective.

At the term to which an action was brought, the defendant demanded a bill of particulars, which the plaintiff furnished; several terms afterwards, the defendant pleaded the general issue; at the next term, when the cause was called for trial, the defendant excepted to the sufficiency of the statement. This objection came too late.

The motion, to direct an amendment of a bill of particulars, filed in due time, made after plea, pleaded to the merits, at the trial term, is addressed to the sound discretion of the court; and therefore is one from which an appeal does not lie, any more than it will on a refusal to grant a new trial.

Where parties submit matters in controversy, for the purpose of a final determination, and the arbitrators make an award, the original contract or cause of action is merged by the submission and award; and there is no distinction, in this respect, between submissions by parol, and by bond.

There is a distinction between a submission by parties to the judgment of two or more individuals who are to decide the controversy, and a reference of a collateral, incidental matter of appraisement, or calculation, or the submission of a particular question, forming only a link in the chain of evidence, not calculated to put an end to controversy.

The recital in a mortgage executed and delivered by *R.* to *G.*, that he stands indebted to *G.* in a large sum of money, for advances, the amount of which is to be ascertained upon examination of their accounts by *J.* and *M.*, mutually appointed by *R.* and *G.*, for that purpose, is a reference of a mere matter of calculation, and ascertainment as to the amount of money advanced; an ascertainment in conformity to such recital does not merge the original contract.

An ascertainment of the amount due, under such circumstances, is competent evidence, in an action of debt brought by *G.* against *R.*, for money lent, advanced, had, and received, under the plea of *nil debet*, as an admission of the defendant of the amount due the plaintiff.

APPEAL from *Baltimore* County Court.

This was an action of *debt*, commenced on the 29th April 1841, by the appellee against the appellant.

The writ was for $25,800, in the *debet* and *detinet*, and the declaration complained, for that whereas the said defendant,

on the 26th April 1841, at *Baltimore*, to wit, at the county aforesaid, was indebted to the said plaintiff, in the sum of $18,120.60, for so much money, before that time lent and advanced, by the said plaintiff to the said defendant, at his special instance and request; to be paid by the said defendant to the said plaintiff, when he, the said defendant, should be thereto afterwards requested. Whereby, and by reason of the said last mentioned sum of money, being and remaining wholly unpaid, an action hath accrued to the said plaintiff, to demand and have, of and from the said defendant, the sum of $18,120.60, parcel of the said sum, above demanded. And whereas also, afterwards, to wit, on the day and year last aforesaid, to wit, at the county aforesaid, the said defendant was indebted to the said plaintiff, in a certain other sum of money, to wit, the sum of $7,679.40, for so much money, before that time had and received by the said defendant, to the use of the said plaintiff, and to be paid by the said defendant to the said plaintiff, when he, the said defendant, should be thereunto requested. Whereby, and by reason of the said last mentioned sum of money, being and remaining wholly unpaid, an action hath accrued to the said plaintiff, to demand and have, of and from the said defendant, the said last mentioned sum of $7,679.40, other parcel of the said sum, above demanded. Yet the said defendant, although often requested so to do, hath not, as yet, paid the said sum of $25,800, above demanded, or any part thereof to the said plaintiff. But he, to do this, hath wholly refused, and still doth refuse, to the damage of the said plaintiff, in the sum of seven thousand six hundred and seventy-nine dollars and forty cents, and therefore, &c.

At the return term of the writ, the said *Beale Randall* demanded of the plaintiff, a list of particulars of his claim. It was ordered by the court, on motion of the said *Beale Randall*, that the said *John Glenn* do deliver to the said *Beale Randall's* attorneys, or file in court here, the particulars of the claims for which this suit is brought, and in the meantime, that all proceedings in this case be staid. The plaintiff thereupon filed in court, the following bill of particulars, to wit:

"*John Glenn vs. Beale Randall,* in *Baltimore* county court. Plaintiff's bill of particulars. For monies advanced by the said *John Glenn* to the said *Beale Randall,* at his instance and request, at various times, up to the 16th May 1834, amounting to $18,120.60. Interest on the same, from 16th May 1834, till paid. J. MASON CAMPBELL, plff's att'y.

Which said bill was endorsed, to wit: "service copy admitted 18th May 1841. JAS. M. BUCHANAN, att'y for def't."

The defendant then pleaded, that he does not owe the said plaintiff, the said sum of money above demanded, or any part thereof, &c., and of this, he puts himself upon the country, &c.

Upon this issue, the jury awarded the plaintiff the sum of $22,534.62, and judgment was accordingly entered against the said *Beale Randall,* on the 16th December 1842.

1ST EXCEPTION. When this case was called for trial, at September term 1842, the defendant moved the court, to stay all proceedings therein, because the plaintiff had not complied with the demand made by defendant, on the 7th May 1841, of the particulars of the plaintiff's claim, by his paper filed as such bill of particulars, and served on the defendant on 18th May 1841, which motion the court, (PURVIANCE, A. J.,) overruled, being of opinion, that the defendant has waived his right, now to object to the paper filed by the plaintiff, as the particulars of the claim, by not taking exception thereto before the time of trial, and pleading to the *nar.,* after the filing of such paper, as a bill of particulars, to wit, on the 30th August 1841. The defendant excepted.

2ND EXCEPTION. The plaintiff to support the issue on his part, offered to read in evidence to the jury, a paper writing, purporting to be an agreement, to submit to the ascertainment of *R. Johnson* and *J. W. McCulloh, Esqs.,* the amount of money due by the defendant to the plaintiff, for advances, as therein set forth, according to the language of said paper, (it being admitted, that said paper writing was signed and delivered by the defendant to said *Glenn,* as such submission on his, defendant's part, and that said *Glenn* agreed to such submission, and it was made accordingly.) And the plaintiff fur-

ther offered in evidence to the jury, a paper writing, admitted to have been signed by the said *R. Johnson* and *J. W. McCulloh, Esqs.*, as of the date it purports to have been signed, purporting to ascertain the amount so due; and it was admitted, that the defendant and plaintiff had notice of the meetings of said referees, and by themselves, or agents, attended said meetings, and admitted notice of the said ascertainment, by said paper writing. The defendant then objected to the admissibility of said paper writings in evidence, under the pleadings in this cause.

1. Because said paper writings were, in point of law, a submission to arbitration, and an award; and the said reference and award are not declared upon in this case.

2. Because the said paper writings, and other testimony and admissions above mentioned, are not evidence, under the *first* count in the *nar*.

3. Because the paper writings, and other testimony and admissions above mentioned, are not evidence, under the *second* count in the *nar*.

4. Because the said agreement to refer, and the said ascertainment, constitute no cause of action for the plaintiff against the defendant, and contain no promise or agreement on the part of the defendant, to pay such amount, or any amount to the plaintiff, but only a pledge of certain funds, to the discharge of such amount, as might be so ascertained. Each and every of which said objections, were over-ruled by the court, and the court permitted the said papers to be read in evidence to the jury, by the plaintiff, as evidence, under the *first* count in the *nar*, of an ascertainment and admission of the amount due by the defendant to the plaintiff, for advances made, as set forth in the *nar*, and said papers. The defendant excepted to the said refusal, and to the said direction.

The verdict and judgment being against him, he appealed to this court.

The record was amended in this court, by consent, and the following documents referred to in the 2nd exception, admitted, as having been given in proof in the county court.

"Whereas, *Beale Randall*, of the city of *Baltimore*, stands indebted unto *John Glenn*, of the same place, in a large sum of money for advances, the amount of which, is hereby to be ascertained upon an examination of their accounts by *Reverdy Johnson* and *James W. McCulloh, Esqs.*, mutually appointed by the said *Beale Randall* and *John Glenn*, for that purpose.

And, whereas, the said *Glenn* hath come under the following responsibilities for account of the said *Randall*, to wit, at the *Marine Bank* of *Baltimore*, for the sum of seven thousand dollars, ($7,000,) &c. The advances made by the said *Glenn*, for account of the said *Randall*, as claimed by the said *Glenn*, amounted, on the sixth day of April last, to $18,126.60, and for the purpose of securing, indemnifying, and saving harmless, the said *Glenn* from all loss and damage on account of the premises, the said *Beale Randall* hath agreed to execute these presents. Now this instrument of writing witnesseth, that the said *Beale Randall*, for and in consideration of the premises, and of the sum of five dollars, current money, to him in hand paid by the said *John Glenn*, before, &c., hath granted, bargained and sold, assigned, &c., and by these presents doth grant, &c. To have and to hold the same, and every part and parcel thereof, unto the said *John Glenn*, his heirs, executors, administrators and assigns forever, in special trust and confidence, nevertheless, that is to say, in trust to retire, and pay all and singular, the responsibilities herein before mentioned; then to pay all such sums of money as the said *Reverdy Johnson* and *James W. McCulloh, Esqs.*, may ascertain and determine, the said *Glenn* has advanced for the said *Randall*, and the balance, if any, to pay over to the said *Randall* or his order."

This instrument dated 16th May 1834, was duly acknowledged, &c., on the day of its date.

"In pursuance of the authority given us by the within mortgage to ascertain the advances, in money, made by the within named *John Glenn*, to the within named *Beale Randall*, up to the date of said mortgage, and after having given to said *Glenn* and *Randall* notice of the times and places of our meetings,

for said purpose, and having fully heard and considered all the evidence and representations they had to offer us in the matter, we do award, determine and ascertain, that said *John Glenn* had, on the day of the date of said mortgage, that is to say, on the 16th day of May 1834, advanced, in money, to said *Randall*, the sum of eighteen thousand, one hundred and twenty dollars, and sixty cents, ($18,120.60,) over and beyond the amount of the three notes, specially mentioned in said mortgage. And we do further award and determine, that said sum of $18,120.60, exclusive of said notes, is now due by said *Randall* to said *Glenn*, with interest on the same, from the 6th day of April, in the year 1834. As witness our hands, this 12th day of May, in the year 1835.

Signed,     REVERDY JOHNSON,

JAMES W. McCULLOH.

Notes mentioned $7,000, at *Marine Bank*, &c."
The defendant prosecuted this appeal.

The cause was argued before ARCHER, C. J., SPENCE and MAGRUDER, J.

By MURRAY and T. P. SCOTT for the appellant, and
By GLENN and CAMPBELL for the appellee.

SPENCE, J., delivered the opinion of this court.

The declaration in this case, has a count for money lent and advanced, and money had and received. The suit was brought to the May term 1841, of *Baltimore* county court. At May term 1841, of the same court, the defendant demanded a list, or bill of particulars, and the court passed an order upon the the plaintiff, that he deliver to the said *Beale Randall's* attorneys, or file in the court, the particulars of the claim for which the suit was brought; and in the meantime, that all proceedings be staid. And thereupon, the said *Glenn*, by his attorney, filed in court, the following bill of particulars, to wit:

"In *Baltimore* county court, plaintiff's bill of particulars, for money advanced by the said *John Glenn* to the said *Beale Randall*, at his instance and request, at various times, up to

16th May 1834, amounting to $18,120.60." "Interest on the same, from 16th May 1834, until paid," which said bill is thus endorsed, to wit: "service copy admitted 18th May 1841."

After the service of this bill of particulars was thus admitted, the defendant pleaded *nil debet;* the plaintiff joined issue, and the cause was continued from term to term, until September term 1842. The first exception in this case, raises the first question to be decided by this court; and inasmuch as the defendant's motion fully presents the question, we insert it as follows:

"When this case was called for trial, the defendant, by his attorney, moved the court to stay all proceedings in the cause, because the plaintiff had not complied with the demand made by the defendant, on the 7th of May 1841, of the bill of particulars of the plaintiff's claim, by his paper filed as such particulars, and served on the defendant on the 18th of May 1841, which motion the court over-ruled."

The law seems well settled upon authority, that in actions of this class, the defendant may at any time before he has pleaded to the merits, if the declaration do not disclose the particulars of the plaintiff's demand, call on plaintiff to exhibit them. *Vide Mercer vs. Seyer*, 3 *Jno. Rep.* 248. But it seems to be too late, after pleading to the merits, to object to the want of such a statement, or that the same is defective. *Long vs. Kinard, Harper Consti., C. of S. Carolina* 47.

In the case now under consideration, after the defendant had service of the bill, he filed his plea, and issue was joined, and the cause continued until September term 1842; and not before the cause was called for trial, did the defendant make the suggestion, that the plaintiff had not complied with the demand made of the particulars of his claim. This application of the defendant, at this stage of the case, after issue joined, and when the cause was called up for trial, for a continuance of the cause, might be considered as addressed to the discretion of the court, and we concur with the opinion of *Gibbs, C. J.,* in *Lovelock vs. Cheveley* 3, *Eng. Com. Law Rep.* 185, where he says, "bills of particulars undoubtedly facili-

tate the trial of a cause, but they must not be permitted to obstruct the justice of it. The party who objects to particulars, as insufficient, must make his complaint at the proper time. He cannot wait till the trial of the cause, and then raise an objection, which, if earlier made, might have been disposed of. In this case, if the plaintiff had not time to tax the bill, he might have applied to the court, but by keeping the particulars, he has waived his objection." So in the case under consideration, if the defendant deemed the plaintiff's bill of particulars insufficient, he should have made his motion earlier, when the defect, if there were any, might have been remedied, and the delay of the trial of the cause avoided; whereas by his delay, he has rendered himself obnoxious to the charge of having waived his objections. This was a matter in the sound discretion of the court, under all the circumstances of the case, and therefore, one from which an appeal does not lie, any more than it will on a refusal to grant a new trial.

At the trial of this cause, the plaintiff offered in evidence to the jury, a certain paper writing, purporting to be a mortgage from *Beale Randall* to *John Glenn*, which contained the following recital:

"Whereas *Beale Randall*, of the city of *Baltimore*, stands indebted unto *John Glenn*, of the same place, in a large sum of money for advances, the amount of which is to be hereby ascertained, upon an examination of their accounts, by *Reverdy Johnson* and *James W. McCulloh*, Esqs., mutually appointed by the said *Beale Randall* and *John Glenn*, for that purpose," it being admitted, that said paper writing was signed and delivered by the said defendant, to said *Glenn*, as such submission on his, defendant's, part, and that said *Glenn* agreed to such submission, and it was made accordingly. And the plaintiff further offered in evidence to the jury, a paper writing, admitted to have been signed by the said *R. Johnson* and *James W. McCulloh*, Esqs., as of the date it purports to have been signed, purporting to ascertain the amount so due. It was also admitted, that the parties had notice of the meeting of the referees, and by themselves, or agents, attended

said meeting, and admitted notice of the said ascertainment, by said paper writing.

The defendant then objected to the admissibility of said paper writing in evidence, under the pleadings in this cause; which objection the court over-ruled, and permitted the evidence to go to the jury.

Our next enquiry is, therefore, whether there was error in this act of the court?

The ground of objection to the admissibility of this evidence was, first, that there was no count in the declaration under which it was admissible; that in order to let it in, there should have been a count on the award, or an account stated; that the original contract was merged in the reference and award.

The doctrine is too well settled at this day, to admit a doubt, that where parties submit matters in controversy, for the purpose of a final determination, and the arbitrators make an award, in such a case, that the original contract, or cause of action, is merged by the submission and award. It is true, that in *England*, the courts have, and do profess to make a distinction between submissions by parol, and by bond; but the *American* cases, so far as we have been able to ascertain, do not profess to hold this distinction.

The mortgage in this case recites, that whereas *Beale Randall*, of the city of *Baltimore*, stands indebted to *John Glenn*, of the same place, in a large sum of money for advances, the amount of which is hereby to be ascertained, upon an examination of their accounts, by *Reverdy Johnson* and *James W. McCulloh, Esqs.*, mutually appointed, &c.

There is a distinction between a submission by parties of matters in controversy, to the judgment of two or more individuals, who are to decide the controversy, and a reference of a collateral, incidental matter of appraisement, or calculation, or the submission of a particular question, forming only a link in the chain of evidence, not calculated to put an end to controversy. *Vide* 4 *vol. Cowens, Philip's* 1, *note* 240, *p.* 149. *Garr vs. Gomez*, 9 *Wend.* 649.

We hold, that the reference in this case, was a mere matter of calculation and ascertainment, as to the amount of money which had been advanced by *Glenn* to *Randall*, which the mortgage was intended to secure; that the reference and ascertainment did not merge the original contract; and that as an admission of the defendant, it was admissible in evidence, under the pleadings in this cause, of the amount due the plaintiff. *Keen vs. Butshore, vide* 1 *Espi.* 193. And *King vs. Butshore,* 1 *Peakes, N. P. C.* 227.

JUDGMENT AFFIRMED.