. CHARLES CHENOWITH, Assignee of George E. Chenowith, *v.* J. DEAN SMITH, Receiver, and Others.

*Decided May 19th, 1868.*

APPEALS ; FINAL ORDERS ONLY.

An appeal will not lie from an order not in the nature of a final decree, and which is not embraced by Art. 5, of the Code of Pub. Gen. Laws, giving the right of appeal in special cases. (*a*)     p. 22

---

(*a*) See *Phillips v. Pearson*, 27 Md. 243, note (*a*). Code of Pub. Gen. Laws, Art. 5, sec. 24, provides that appeals shall be allowed only from final decrees, or orders in the nature of final decrees. As for the appeals allowed in special cases, see Code of Pub. Gen. Laws, Art. 5, sec. 25. See also *Davis v. Gemmell*, 73 Md. 554; *Chappell v. Chappell*, decided by the Court of Appeals, January 4, 1898.

Appeal from the Circuit Court of Baltimore City.

A bill was filed in the Circuit Court of Baltimore City by Frederick Fickey, Jr., and Andrew J. Fickey, against George E. Chenowith and Thomas M. Dukehart, alleging the existence of a co-partnership between the complainants and the defendants under the name of Fickey Brothers, for the purpose of manufacturing and selling a certain reaping and mowing machine, for which said Chenowith had obtained a patent right; and asking for a dissolution of the partnership, a settlement of the partnership accounts and for an injunction and receiver. The bill claimed as partnership property, the shop, No. 1 Swan street, together with the machinery, tools, etc., therein. An injunction was granted ; and an injunction *bond was executed, approved and filed. The **19** defendant, Chenowith, answered the bill, consenting to a dissolution of the partnership, and claiming as his separate property the shop, No. 1 Swan street, the tools, machinery, implements, etc., therein, and asking for a dissolution of the injunction as to the same. The defendant, Dukehart, likewise answered, alleging that he had withdrawn from the partnership by consent of all the parties therein interested, and had no interest in the business of the firm. A commission to take testimony was issued, and a good deal of evidence was taken and returned ; but upon hearing of the motion to dissolve, the injunction was continued, and subsequently the appellee, Smith, was appointed receiver. The receiver took possession of the property and sold the same under the order of the court. Before the sale was made, however, Chenowith appealed from the order, refusing to dissolve the injunction, and from the order appointing a receiver, but gave no bond. Both orders were reversed on the appeal, so far as they related to shop, No. 1 Swan street, and its contents. Thereupon, the appellant (not a party to the suit), as assignee of the said George E. Chenowith filed a petition in the cause, stating that shop, No. 1 Swan street, and its contents, had been sold by the receiver for $3,342.41 ; that he, the petitioner, had purchased for a valuable consideration, on the 28th of July, 1865, all the interest of the said George in said property, and he prayed the court to pass an order on the receiver to show cause, why he should not pay said money to the peti-

tioner.   The receiver filed objections to the granting of the order prayed in the petition.   The court refused to grant the order prayed for ; but did not dismiss the petition, but retained it until a settlement of the rights of the parties to the suit by an audit ; then to avail, as against George E. Chenowith, in case it should eventually appear, that he was entitled to any part of the fund ; and, in the meantime, retained the fund, subject to the future order of the court.

From this action of the court, Charles Chenowith appealed, as well from so much of the order as refused the *prayer of the petitioner, as, from so much as directed that the fund should be retained, subject to the future order of the court.

The cause was argued before Bartol, C. J., Stewart, Brent, Miller and Alvey, JJ.

*Wm. Pinkney Whyte,* for the appellant :

When the petition of the appellant was filed, and the rule as prayed for therein was served, the receiver had no right or title whatever to hold or retain the money which was the proceeds of the sales of the shop, machinery, fixtures and tools, at No. 1 Swan street.   By virtue of the decree of the court of last resort, which dissolved the injunction and discharged the receiver as to this specific property, George E. Chenowith became substituted to all his rights of possession and of property as they existed when the injunction issued, and that, too, whether the specific property remained in kind or had been converted into money.   As to this fund, the Circuit Court, under the bill and proceedings, had no control further than to carry into effect the orders and decree of the appellate tribunal.   George E. Chenowith, when so substituted to his original rights of property and of possession as to the shop, machinery, fixtures and tools, No. 1 Swan street, could, as he did, by formal transfer, assign, sell and pass title to any third party as to that specific property, and could and did, with the right, convey to such third party all the remedies incident to such right.   *Glenn v. Gill,* 2 Md. 16, 17, 19.

The assignee had a right to file his petition claiming the fund to which George E. Chenowith's title had been established by the decree of the Court of Appeals.   The right of a party so to

apply for a fund in court by his petition, has been fully recognized. *Codwise v. Gelston,* 10 John. 507, 521; *Wagner v. Cohen,* 6 Gill, 97; *McKim v. Thompson,* 1 Bland, 159; *Ducker v. Belt,* 3 Md. Ch. 17; *Hopkins v. McElderry,* 4 Md. Ch. 23; *Lee v. Boteler,* 12 G. & J. 323.

*\*William Schley,* for the appellees :      **21**

From the face of the order, it appears that it is not a final decree, or order in the nature of a final decree, and is not therefore, within sec. 20, Art. 5, of the Code of Pub. Gen. Laws ; nor is it a privileged case within sec. 21.

The appellant can only be regarded as seeking to become in the cause, a *tertius interveniens.* Whilst this practice is permitted in the *civil law,* it has never been allowed in the English Chancery, or in the Courts of Equity of this country ; and the sufficient reason is found in the fact, that no person, save parties and privies, are bound by a judgment or decree. If it were permitted to persons, not parties, to intrude into a suit, when not required to appear, suits, if not rendered interminable, would, nevertheless, be greatly protracted and intervolved. Gilbert's Forum Romanum ; Story's Eq. Pl. secs. 156, 351; 1 Daniell's Ch. Pr. 248, note.

The fund, in contemplation of law, was in court. The receiver was the hand of the court—holding the fund for the benefit of such of the parties as might ultimately be declared to be entitled. The question, who was entitled, was *sub judice;* and could not be ascertained until the case was disposed of, on final hearing. This petition asked the court to decide in anticipation of the final hearing, that George E. Chenowith was entitled to the fund, and that Charles Chenowith, as his assignee, (and whose title as such was not admitted,) might, in this way, take the fund out of court ; without notice to the parties in the cause, and upon notice, merely to the receiver to show cause ;—a person having no title and claiming none, beyond expenses incurred and his commission—a mere stakeholder in fact. *Hopkins v. McElderry,* 4 Md. Ch. 23; *McKim v. Thompson,* 1 Bland, 159.

In any proceeding, whether by supplemental bill, or by petition, the court could not, properly, order a receiver *ex abrupto,* to pay over the proceeds of sale, without a previous settlement of his account, as receiver, in which all just allowances

**22**  *would be made to him for expenses, commission, etc. *Potter v. Kerr*, 1 Md. Ch. 275.

But, upon the concession, for the sake of the point, that the appellant was a *bona fide* assignee of the property, claimed by him, still, he was a purchaser *pendente lite*, and with full notice. He could have no better right than George himself had. *Nemo potest in alienum transferre plusquam ipse habet.* Could George have successfully asked payment over to him of this fund, *pending this bill*, when the question was still open whether he had, in fact, ever purchased this property, and when it clearly appeared that he had never paid one cent of the purchase money, if he had really purchased ? If the bill had been dismissed, George, being a party to the suit, might have asked that the receiver should pass his account and pay over the balance, but not before the dismissal of the bill. *Pitt v. Bonner*, 5 Sim. 577; *Hopkins v. McElderry*, 4 Md. Ch. 23; *Harrington v. Long*, 2 Mylne & Keen, 590.

Alvey, J., delivered the opinion of the court.

This appeal must be dismissed. The order from which it is taken is not final in its character. It is not a final decree, or an order in the nature of a final decree, such as is contemplated by Art. 5, sec. 20, Code of Pub. Gen. Laws. Nor is it embraced by sec. 21 of the same Article, giving the right of appeal in special cases. It is true, the prayer of the petitioner, Charles Chenowith, was refused, but only for the time. The petition was not dismissed, but was retained, and the subject matter of it reserved for the future order of the court. No question of right, therefore, was finally determined. See *Wheeler v. Stone*, 4 Gill, 39.

But, in thus disposing of the appeal, we think it proper to say, that, in our opinion, the court below was greatly in error in not at once surrendering all control over the fund, sought to be withdrawn from its officer. The injunction had been **23**  *dissolved, and the receiver discharged, and there was no longer any colorable justification for holding the property. It had been determined by the Court of Appeals that there was no foundation for the injunction, nor for the continuation of the receiver, as to the particular property now in question ;

and upon the discharge of the receiver the property was released. And as there appears to be no question as to the genuineness of the assignment of George E. Chenowith to Charles Chenowith, the fund in the hands of the receiver, representing the property taken and sold, should have been ordered to be paid over to such assignee.

Nor do we see any valid objection to the mode of proceeding adopted to recover the fund from the hands of the receiver. But looking to dispatch, and the convenience of the thing, we think it was the most appropriate that could have been resorted to. And we think the precedents, sanctioned in the practice of the Courts of Equity of this State, fully justify it. See *Balch v. Zentmeyer*, 11 G. & J. 267 ; *Glenn v. Gill*, 2 Md. 16.

We have said this much in reference to the merits of the case, although not properly before us, that additional expense and litigation may be avoided, and that the court below may, by further order, do what ought to have been done in the first instance.

*Appeal dismissed.*