EISEL, ET UX. *v.* HOWELL, ET AL.

[No. 40, September Term, 1959.]

*Decided November 17, 1959.*

586

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Robert S. Rody* for the appellants.

Submitted on brief by *Irvin S. Friedman* and *George D. Edwards* for the appellees.

HAMMOND, J., delivered the opinion of the Court.

Builders of a dwelling in Baltimore County, seeking to enforce a mechanics' lien by the statutory bill in equity, were met by the claims of the owners—in a motion to dismiss the bill and for a summary decree—that the failure of the builders to have sought arbitration, as allegedly required by the written contract between the parties, ousted the Circuit Court of jurisdiction. Judge Raine, without hearing testimony, held that the court would retain jurisdiction but stay the proceedings "until the parties have had reasonable opportunity to comply with the arbitration provisions." The owners have appealed.

We think the order appealed from was not appealable. The denial of a challenge to the jurisdiction does not settle or conclude the rights of any party or deny him the means of proceeding further. It settles nothing finally. An order which does none of these things is not appealable. *Chenowith v. Smith*, 29 Md. 18; *Swift v. Manufacturers' National Bank*, 69 Md. 232. Whenever a court makes a disposition or order, it does so on the basis that it has jurisdiction, and if its express announcement of that fact constituted an appealable order, it would be impossible for a court to proceed with the trial of any case in which its jurisdiction was challenged.

Code (1957), Art. 63, sec. 24, says that in enforcing liens by bill in equity "the same proceedings shall be had as used by the courts of equity to enforce other liens * * *", and sec. 32 provides that the mechanics' lien article of the Code shall "be construed and have the same effect as laws which give general jurisdiction or are remedial in their nature." In equity a right of appeal exists only if expressly conferred by statute. *Brooks v. Sprague,* 157 Md. 160, 164. An order denying a motion to dismiss and for summary decree, generally and on the grounds of lack of jurisdiction, would not be either a final order or one of the interlocutory orders made appealable by Code (1957), Art. 5, sec. 7. It would seem to follow that such an order in proceedings to enforce a mechanics' lien would be in the same category. By way of analogy, *Guerreni v. Sainsbury,* 139 Md. 246, where the order refusing to quash summons was held not appealable, may be compared with *State to use of Bickel v. Pennsylvania Steel Co.,* 123 Md. 212, where the quashing of summons was appealable.

The owners, in appealing, say the general rules as to finality do not apply, relying on the language in *Redwood Hotel v. Korbien,* 195 Md. 402, that if lack of jurisdiction is apparent on the face of the bill "that error is fatal at every stage of the case." Appellants urge that any act of the lower court to retain jurisdiction it did not have was a nullity, subject to immediate appeal.

For the reasons which follow, we find the appellants' arguments on this point to be specious. That the question of jurisdiction may be raised at any time does not mean that it may be decided on the appellate level at any time. The Circuit Court had original jurisdiction of the parties and of the subject matter, and the contract provisions relied on by appellants could not oust it of jurisdiction, although on certain conceivable states of fact the appellees might not be able to show a right to the claimed lien.

The general rule is that, in the absence of legislative direction to the contrary, an executory agreement for arbitration of the ultimate rights of the parties, even though resort to arbitration is specified to be a condition precedent to court

action, will not be enforced as a bar to legal or equitable redress in the courts. Restatement, *Contracts,* Secs. 550-551 and 558 (1932); 6 Williston, *Contracts,* Secs. 1919, 1921A (Rev. Ed. 1938); 6 C. J. S., *Arbitration and Award,* Sec. 29; 3 Am. Jur., *Arbitration and Award,* Secs. 31-33; Annotations in 26 A. L. R. 1077 and 135 A. L. R. 79. The basis of the rule has been variously stated. It is said that such a contract is illegal; (Restatement, *Contracts,* Sec. 550); that the matter is one of the law of remedies (*Meacham v. Jamestown F. & C. R. Co.* (N. Y.), 105 N. E. 653), but compare *Bernhardt v. Polygraphic Co. of America, Inc.,* 350 U. S. 198, 100 L. Ed. 199); or that such an agreement to arbitrate is revocable at the will of either side (*Mead v. Owen* (Vt.), 74 A. 1058). The authorities cited recognize a corollary to the rule. It is that an agreement for settlement of incidental matters, or requiring preliminary determination of amounts or values or quantities, by appraisers, if made a condition precedent to suit, will be honored by the courts.

In *Red Cross Line v. Atlantic Fruit Co.,* 264 U. S. 109, 121, 68 L. Ed. 582, 585, Mr. Justice Brandeis for the Court said that the Federal Courts, like those of the States and of England, have not given effect to an executory agreement to arbitrate "as a plea in bar; except in those cases where the agreement, leaving the general question of liability to judicial decision, confines the arbitration to determining the amount payable or to furnishing essential evidence of specific facts, and makes it a condition precedent to the cause of action." See also *Meacham v. Jamestown F. & C. R. Co., supra* (Cardozo, J., concurring).

Maryland is in general agreement with the rule and the corollary. *Contee v. Dawson,* 2 Bland 264; *Allegre v. Maryland Ins. Co.,* 6 H. & J. 408; *Tomlinson v. Dille,* 147 Md. 161; *Brantley on Contracts,* 2nd Ed., pp. 227, 228; Mullen, *Arbitration under Maryland Law,* 2 Md. L. Rev. 326. In *Wilson & Co. v. Curlett,* 140 Md. 147, 153, 154, the Court recognized that incidental and preliminary matters as to amounts, values and quantities could be required by agreement to be submitted to appraisers as a condition precedent to suit but suggested that the ultimate right to the enforce-

ment of contracts could not be made such a condition. See also *Randall v. Glenn,* 2 Gill 430.

It is plain that the court below was not ousted of jurisdiction by the fact that the agreement to arbitrate was a part of the contract that underlay the claim to a lien. The agreement was Art. 40 of the General Conditions (Standard Form of the American Institute of Architects) made a part of the contract between the builders and the owners. It provides that "all disputes, claims or questions subject to arbitration under this contract" are to be submitted to arbitration and that "the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other." It was further agreed that "notice of the demand for arbitration of a dispute shall be filed in writing with the Architect and the other party to the contract. If the arbitration is an appeal from the Architect's decision, the demand therefor shall be made within ten days of its receipt; in any other case the demand for arbitration shall be made within a reasonable time after the dispute has arisen."

The General Conditions of the contract are spelled out in forty-four articles, covering ten printed pages. Arbitration is made the method of determination of disputes as to the subject matter of but some ten. In the contract before us, arbitration was expressed as a condition precedent to determination of specified matters, not as to ultimate general liability. There was nothing before the trial court and there is nothing in the record before us to show that there existed any dispute, claim or question subject to arbitration under the contract, or that the owners had ever demanded arbitration.

In their motion to dismiss and for a summary decree, the owners do not allege that there was, or that they had sought arbitration. No determination was made by Judge Raine as to whether the owners had waived their right to arbitration, if such right had existed, by failing to demand it within the time required by the arbitration article of the contract or by pleading generally to the bill of complaint—cf. *McCormick v. St. Francis de Sales Church,* 219 Md. 422. On the record at least he made no determination of what arbitrable issues existed. The builders did not rely on waiver, or claim that

there was no arbitrable question; they agreed to arbitration when it was suggested in the court proceedings—as to what it does not appear—and the owners may not complain of the order appealed from staying the proceedings and retaining jurisdiction in order to give them their desired opportunity to arbitrate. The court, having acquired jurisdiction, was not required by anything that had, or had not, occurred to forego its continued exercise. In *McCormick v. St. Francis de Sales Church, supra,* suit had been filed against a tortfeasor and the liability insurance carrier jointly. The insurer contended that it could not, under an express condition precedent in its contract, be sued until the liability of its insured had been determined by judgment. We held that "* * * although the action against the insurer under the second count cannot, *as a matter of substantive right,* be tried until after judgment under the first count * * *", nevertheless the insurer could be sued jointly with the insured and must remain in the case until the insured's liability to the claimant had been determined. (Emphasis supplied).

The order appealed from was not one that would support an appeal to this Court, and the appeal must be dismissed.

*Appeal dismissed, the appellants
to pay the costs.*