## MILIO *v.* BAR ASSOCIATION OF BALTIMORE CITY

[No. 162, September Term, 1961.]

*Decided February 19, 1962.*

*Motion for rehearing filed March 14, 1962, denied March 23, 1962.*

528

Submitted on brief to BRUNE, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

Submitted on brief by *Louis R. Milio,* in proper person, for appellant.

Submitted on brief by *Jack L. Hardwick* and *John H. Somerville,* for appellee.

BRUNE, C. J., delivered the opinion of the Court.

On or about May 2, 1961, the appellee, The Bar Association of Baltimore City, acting under Code (1957), Art. 10, § 13, filed a disciplinary proceeding entitled "Petition for Disbarment" against the appellant, Louis R. Milio, before the Supreme Bench of Baltimore City. Milio filed a response thereto on June 1, entitled "Demurrer and Answer to Petition and Motion Ne Recipiatur to Said Petition and Affidavit Thereto." Testimony was presented on June 23, arguments on the demurrer, on the motion *ne recipiatur* and on the merits were heard; and on June 28, 1961, the Supreme Bench entered two orders, the first overruling the demurrer and denying the motion, the second, setting forth that the court was of the opinion that Milio had been guilty of unprofessional conduct and suspending him from the practice of law for five years. Milio appeals from that part of the first order which denies his motion *ne recipiatur.* He states that he "reserves the right to a further appeal upon the merits" in the event of an adverse ruling on his appeal from the denial of the motion. (No authority for the reservation of this alleged right to appeal after the expiration of thirty days allowed under Maryland Rule 812 for taking an appeal is cited or suggested.)

The charges against Milio are, in brief, (a) the mishandling of the funds of the estate of a decedent through commingling of funds and withdrawals therefrom and through improper accounting in the Orphans' Court, and (b) the misapplication of funds placed in his hands by other clients, in order to make good a deficiency in the funds of the estate. The pe-

tition shows that all funds had been restored and ultimately properly accounted for. The appellant's combined answer, demurrer and motion set up, in brief, (i) that the Orphans' Court had been fully informed of the estate matters and that since it had power under Code (1957), Art. 10, § 23, to initiate disciplinary proceedings, but had not deemed it appropriate to do so, the Bar Association had no power to do so, (ii) that no one had suffered any ultimate loss, and (iii) that the clients whose money had been misapplied were satisfied after the restoration of their funds. After the hearing, but not in his pleading, the appellant complained that records of his bank account had been obtained in violation of his constitutional rights, and he seeks to raise that point on this appeal, in which he attacks only the disposition of his motion *ne recipiatur*. Since he has not appealed from the order of suspension and has directed that none of the testimony at the hearing be included in the record on this appeal, no question of the admissibility of evidence is before us on the basis of *Mapp v. Ohio,* 367 U. S. 643, or any other basis. Cf. *Shorey v. State,* 227 Md. 385, 177 A. 2d 245.

The appellant complains that his motion was not ruled upon prior to the taking of the testimony. That, we think, was discretionary with the Supreme Bench, and we see no basis upon which to hold that there was any abuse of its discretion. On that score the appeal must be dismissed. See *Lancaster v. Gardiner,* 225 Md. 260, 170 A. 2d 181, cert. den. 368 U. S. 836, 82 S. Ct. 63.

Of greater importance is the fact that the order appealed from is not a final order. The denial of the appellant's motion *ne recipiatur* did not have the effect of "putting him out of court." Contrast *McCormick v. St. Francis De Sales Church,* 219 Md. 422, 149 A. 2d 768, where the granting of a motion to quash the summons did have the effect of depriving the plaintiff of the means of prosecuting his suit further against the moving parties, and the order was therefore held to be final and appealable. The motion *ne recipiatur* in the instant case seems to be essentially a demurrer insofar as jurisdiction to proceed on the basis of a complaint filed by the Bar Association, and not by the Orphans' Court, is concerned.

The overruling of motions to dismiss and for summary judgment raising a lack of jurisdiction in the trial court was held not appealable because not final in *Eisel v. Howell,* 220 Md. 584, 587, 155 A. 2d 509, and that decision applies equally here. Insofar as the motion *ne recipiatur* claims that the absence of ultimate loss to other parties should exculpate the appellant from any charge of professional misconduct, it seems to be intended either as a demurrer or as a plea of confession and avoidance. (It is difficult to say which.) We have stated the general rule that a motion *ne recipiatur* authorized to be filed under Maryland Rule 322 is not intended to reach so far as to serve the office of a plea, demurrer or motion for summary judgment. *McCormick v. St. Francis De Sales Church, supra,* 219 Md. at 427-29. Even if this motion could be made to serve such a purpose, it would avail the appellant nothing, for an order overruling a demurrer at law is not an appealable order, though it may be reviewed on appeal from a final judgment. *Griffee v. Mann,* 62 Md. 248; and see Md. Rule 345 d. The same rule now also applies in equity. Md. Rule 809. (Incidentally, he did not even appeal from that portion of the order which overruled his demurrer.) We know of no possible basis for the use of a motion *ne recipiatur* as a substitute for a plea of confession and avoidance.

Whatever may be the supposed basis for this extraordinary motion *ne recipiatur,* the order denying it is interlocutory in nature and it is therefore not appealable. *Eisel v. Howell, supra.* See also *Snyder v. Cearfoss,* 186 Md. 360, 46 A. 2d 607. For reasons which are not stated, the appellant did not elect to appeal from the judgment of suspension. We think that Code (1957), Art. 10, § 17, allowing an appeal in any case where an attorney shall have been found guilty, after a hearing, of unprofessional conduct or certain other offenses, contemplates only an appeal from an order based upon such a finding and does not authorize an appeal solely from an interlocutory order either before or after a final judgment. Maryland Rule 886 b which deals with the scope of review in disciplinary cases does not enlarge the right of appeal.

We may add that if the questions of the jurisdiction of the

Supreme Bench and of the legal sufficiency of the complaint were properly before us, we do not think that our decision as to these matters would produce a result more favorable to the appellant. As we have noted, he has not chosen to present the evidence for our review, and we of course express no opinion with regard thereto.

In accordance with the foregoing views the appeal herein will be dismissed.

*Appeal dismissed; the costs to be paid by the appellant.*