MERLANDS CLUB, INC. *v.* MESSALL, ET AL.

[No. 396, September Term, 1964.]

*Decided April 14, 1965.*

*Motion for rehearing filed May 13, 1965, denied May 25, 1965.*

The case was argued before PRESCOTT, C. J., and HORNEY, SYBERT, OPPENHEIMER and BARNES, JJ.

Argued on motion to dismiss by *William F. Hickey* for appellant.

Argued on motion to dismiss by *Robert V. Smith* (*W. Perry Doing* on the motion) for appellees.

BARNES, J., delivered the opinion of the Court.

The appellees, who were plaintiffs below in an action at law in the Circuit Court for Caroline County, have filed a motion to dismiss the appeal in this case pursuant to Maryland Rule 835, on the ground that the order of appeal was prematurely filed and there was no order to appeal filed within thirty days from the date of final judgment as required by Maryland Rule 812. We are of the opinion that the motion to dismiss must be granted.

In an action of ejectment, the plaintiffs sued Merlands Club, Inc., the appellant, to recover the possession of certain land called "The Merlands" and to recover damages for its wrongful detention. After a trial on the merits before the court sitting without a jury, Chief Judge Carter signed an order in which he 1) adjudged that the defendant, Merlands Club, Inc., had wrongfully ejected the plaintiff from and was in wrongful possession of the premises described in the declaration; 2) assessed the plaintiff's damages at $34,484.00; and 3) gave the basis on which the court arrived at that amount. He stated in the order, "A written opinion in support of the Order will be filed."

On July 24, 1964 the order of the court was filed with the clerk and was entered on the docket as a judgment *nisi,* in ac-

cordance with Maryland Rule 564 b 1. The relevant docket entries are as follows:

> "1964 July 24 'Order of Court finding Merlands Club, Inc. guilty of trespass and ejectment from April 1, 1963, to present time, damages in favor of the Plaintiffs against the Defendant for $34,484.00 because of said trespass and ejectment, that damages caused by deterioration are allowable since April 1, 1963, but that there is no proper basis upon which this element of damages can be divided as of April 1, 1963, and is, therefore, not here allowed, fd.'
>
> "1964 July 24 'Judgment Nisi on the verdict.'
>
> "1964 July 27 'Order for Appeal fd.'
>
> "1964 July 28 'Judgment absolute on the verdict in favor of Plaintiffs against the Defendant.' "

The order of appeal, filed on July 27, 1964 prior to the entry of judgment absolute states:

> "Dear Mr. Clerk: Please enter an appeal to the Court of Appeals on behalf of Merlands Club, Inc., defendant in the above listed action, from an Order of this Court, dated July 24, 1964, granting judgment on behalf of the plaintiffs herein in a suit for ejectment."

There was no order of appeal entered within 30 days after July 28, 1964, the date the judgment absolute was entered.

Maryland Rule 812 is mandatory and states in relevant part:

> "Whenever an appeal to this Court * * * is permitted by law, the order for appeal * * * *shall be filed within thirty days from the date of the judgment* appealed from * * *. (Emphasis supplied).

The appeal may only be taken from a final judgment. See *Middleman v. Md. Nat. Commission,* 232 Md. 285, 192 A. 2d 782 (1963); *Milio v. Bar Association,* 227 Md. 527, 177 A. 2d 871 (1962); *Eisel v. Howell,* 220 Md. 584, 155 A. 2d 509 (1959). See also *State v. Harman,* 199 Md. 209, 86 A. 2d 397 (1952) and *Bonner v. Celanese Corporation,* 193 Md. 132, 66 A. 2d 401 (1949).

Maryland Rule 564 b 1 provides:

> "Where an action at law is tried upon the facts by the court, the court shall direct judgment *nisi* to be entered upon the law and the evidence."

This portion of Rule 564 was amended to its present form in 1957, to make the practice at law in regard to the entry of judgment by the court sitting without a jury the same as the practice of entering judgment upon a verdict of a jury. See *Baltimore Luggage Company v. Ligon,* 208 Md. 406, 118 A. 2d 665 (1955). Prior to the amendment of Rule 564, an absolute judgment was entered immediately upon the announcement of the court's "verdict" when sitting without a jury and upon the rendition of special verdicts by a jury, *Baltimore Luggage Company v. Ligon, supra.* After the amendment, when the facts of the case are tried by the court sitting without a jury, the clerk enters up a judgment *nisi,* which act is analogous to the entry of a verdict when the facts of the case are tried by a jury. The principal purpose of the entry of a judgment *nisi* is to enable an aggrieved party to file a motion for a new trial within three days from the rendition of the verdict or judgment *nisi.* Maryland Rule 567 a provides:

> "A motion for a new trial shall be filed within three days after the reception of a verdict, or in case of a special verdict *or a trial by the court within three days* after the *entry of a judgment nisi."* (Emphasis supplied).

Rule 567 e provides:

> "If a motion for a new trial be not made, within the time prescribed by section a of this Rule, the Clerk *shall enter a final judgment* as of course." (Emphasis supplied).

It is well settled that in an action at law tried by the court, the judgment absolute is entered a) within 3 days after the judgment *nisi* has been entered, if no motion for a new trial has been filed, or b) upon the denial of that motion, if such motion has been filed,—and is the "final judgment" from which

an appeal may be taken; any order for appeal filed prior to the entry of that judgment absolute is premature and without effect. *Md., Del. and Va. Ry. Co. v. Johnson,* 129 Md. 412, 99 A. 600 (1916). In the *Johnson* case, a judgment *nisi* had been entered in regular course in an action at law after a verdict and during the three day period a motion for a new trial had been filed. Five days prior to the overruling of the motion for a new trial by the court and the entry of judgment absolute, the appellant filed an order for appeal. Our predecessors granted the appellee's motion to dismiss the appeal. Judge Pattison, speaking for this Court, stated:

> "The docket entries, as stated above, show that the appeal was taken on the 27th of April, five days before the judgment was entered and that at the time it was taken there was no judgment or determination of the Court below from which an appeal could have been taken to this Court. If this is a correct statement of the facts the appeal was prematurely taken and the motion to dismiss the appeal should prevail."

In our opinion the *Johnson* case controls the case at bar and requires us to grant the appellee's motion to dismiss the appeal. It was cited with approval in *Kendall Lumber Co. v. State, use of Shaffer,* 132 Md. 93, 100, 103 A. 141, 144 (1918) and in *Keystone Engineering Corp. v. Sutter,* 196 Md. 620, 626, 78 A. 2d 191, 194 (1951). The rule is too firmly established to justify a departure from it now.

The appellant seeks to avoid the consequences of the rule by relying on the Code (1964, Cum. Supp.), Art. 5, Sec. 1A, which provides:

> "Any party may appeal from any interlocutory order entered by a court of law with regard to the possession of property with which the action is concerned or with reference to the receipt of or charging of the income, interest or dividends therefrom or the refusal to modify, dissolve or discharge such an order."

This statutory provision was added to the Code by the Laws of 1962, Ch. 36, §5. It was intended to provide the right of

appeal not theretofore existing from interlocutory orders issued by courts of law pursuant to Maryland Rule 532 "at any stage of an action . . . with regard to the possession of property with which the action is concerned or with reference to the receipt of or charging of the income, interest or dividends therefrom for any purpose, on such terms and conditions, as justice may require." The language of Art. 5, Sec. 1A is in identical terms.[1] In the explanatory note to Rule 532, it is stated:

> "This Rule is intended to supersede article 16, §129, now repealed, which was applicable to equity actions only. The Committee thought that the Rule should be made generally applicable to actions both at law and in equity so that a law court would, for example, be permitted in a proper case to pass a charging order with respect to property which was the subject of the litigation, as e. g., to charge the rents issuing out of property involved in an ejectment or replevin action. The equity courts have heretofore had this power under the statutory source."

This explanatory note indicates the type of interlocutory order intended to be covered. In our opinion Judge Carter's order of July 24, 1964, entered as a judgment *nisi* on the same date, is not an interlocutory order within the provision of Art. 5, Sec. 1A. The order of July 24, 1964 is in effect the court's verdict, sitting without a jury, at the conclusion of the action at law on its merits. An appeal cannot be entered from a verdict. *Montauk Corp. v. Seeds,* 215 Md. 491, 138 A. 2d 907 (1958). That "verdict" was entered upon the same day as a judgment *nisi,* in regular course, as required by Maryland Rule 564. The plaintiffs could not execute upon the judgment *nisi* any more than upon a jury's verdict. The issuance of execution must be deferred until the judgment absolute is entered. *Truett v. Legg,* 32 Md. 147 (1870). If a motion for a new trial

---

1. The Laws of 1962, Ch. 36, §6 added Art. 5, §7(h) granting a right of appeal from similar interlocutory orders entered by courts of equity pursuant to Maryland Rule 572 (and possibly under Maryland Rule 532).

is filed and is granted by the trial court, no judgment absolute is entered and the case is thereafter retried on its merits. It is clear that no appeal can or should be entered from a judgment *nisi*. The order of appeal filed on July 27, 1964 prior to the entry of the judgment absolute was premature and ineffective.

As above indicated, there was no order of appeal entered within thirty days after the judgment absolute was entered on July 28, 1964. For the reasons stated, the appeal must be dismissed.

*Appeal dismissed, the appellant to pay the costs.*