# UNITED STATES FIRE INSURANCE COMPANY ET AL.
# v. PAUL L. SCHWARTZ ET AL.

[No. 166, September Term, 1976.]

*Decided June 30, 1977.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Alan N. Gamse,* with whom were *Semmes, Bowen & Semmes* on the brief, for United States Fire Ins. Co., Harford Mut. Ins. Co. and Hartford Fire Ins. Co., part of appellants. *Carl E. Eastwick, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for Insurance Commissioner of Maryland, other appellant.

*Jonathan A. Azrael,* with whom were *Azrael & Gann* on the brief, for appellees.

LEVINE, J., delivered the opinion of the Court.

This case is the sequel to *Md. Fire Underwriters v. Insur. Comm'r,* 260 Md. 258, 272 A. 2d 24 (1971), in which we upheld orders of the Insurance Commissioner of Maryland (the Commissioner) denying requests by three rating bureaus for authority to increase certain homeowners' insurance rates. The requested rate schedules in controversy there had already been instituted prior to the Commissioner's decision rejecting them, and pursuant to Maryland Code (1957, 1972 Repl. Vol., 1976 Cum. Supp.) Art. 48A, § 242B (2),[1] the insurance companies in question continued to collect the higher premiums on policies written during the period between the effective date of the Commissioner's order, July 26, 1969, and the issuance of our mandate on February 4, 1971 (the appeal period).

The primary issue presented by appellants is whether the insurance companies who charged the higher rates on policies issued during the appeal period are now required to refund to the holders of those policies so much of the premiums as were found excessive by the Commissioner.

---

1. In relevant part, Maryland Code (1957, 1972 Repl. Vol., 1976 Cum. Supp.) Art. 48A, § 242B (2) provides:

"When any ruling, order or decision of the Commissioner relates to an increase or decrease of premiums or rate or to a change in any rating system, the filing of the notice of appeal, pending the final determination of the issue, *shall act as a stay* of any such ruling, order or decision, except where such ruling, order or decision approves or permits a filing of an insurer or rating organization." (Emphasis added).

Following a determination by the Commissioner that he had no authority under applicable statutes to order the insurance companies to return any part of the premiums collected during the appeal period, a group of aggrieved policyholders appealed to the Baltimore City Court (Greenfeld, J.), which overturned the Commissioner's decision and remanded the case to the Commissioner for further proceedings. An appeal to the Court of Special Appeals followed, but we granted certiorari before the case was heard by that court. Appellees, however, have moved to dismiss the appeal in this Court on the ground that it is premature in light of the nature of the decision rendered by the Baltimore City Court. Since we agree that the appeal is premature, and therefore cannot now be maintained, we shall grant the motion.

Code (1957, 1972 Repl. Vol., 1976 Cum. Supp.) Art. 48A, § 40 (7) pertains to appellate review of cases originating with the Commissioner. It provides:

> "Appeal by any party appellant or party appellee including the Commissioner may be taken to the Court of Special Appeals from the *judgment* of the Baltimore City Court ... as in *other civil cases.* ... "
> (Emphasis added).

Although the statute does not specify that the judgment must be final, as does, for example, Code (1957, 1971 Repl. Vol., 1976 Cum. Supp.) Art. 41, § 256 in regard to appeals under the Administrative Procedure Act, we have construed statutes similar to § 40 (7) to require that the judgment from which the appeal is taken be final. *See, e.g., Milio v. Bar Association*, 227 Md. 527, 529-30, 177 A. 2d 871 (1962) (appeal under Art. 10, § 17 required to be from a "final order"); *Collins v. Cambridge Hospital*, 158 Md. 112, 115-16, 148 A. 114 (1930) (Code (1924) Art. 5, § 64, providing for appeals from "judgments" of Orphans' Courts; must be "final orders" to be appealable). *But cf. Millison v. Citizens Nat'l Bank*, 256 Md. 431, 436, 260 A. 2d 324 (1970) (appeal not dismissed where taken from oral opinion of chancellor in equity rather than written order or decree). *See also*

*Schlossberg v. Schlossberg*, 275 Md. 600, 612, 343 A. 2d 234 (1975).[2] We hold, therefore, that under Art. 48A, § 40 (7), an appeal may be taken only from a "judgment" which is final.

The decisive question, then, is whether the judgment of the Baltimore City Court was final and, therefore, appealable. We think not. Whether a judgment is final is not always readily capable of delineation. In general, the cases hold that to be final, a judgment must actually settle the rights of the parties, *Collins v. Cambridge Hospital*, 158 Md. at 116; it must finally settle some disputed right or interest of the parties, *Harlan v. Lee*, 177 Md. 437, 439, 9 A. 2d 839 (1939). Otherwise stated, the judgment must be so final as to determine and conclude rights involved, or deny the appellant means of further prosecuting or defending his rights and interests in the subject matter of the proceeding, *In re Buckler Trusts*, 144 Md. 424, 427, 125 A. 177 (1924).

Under no test applied by this Court can the judgment from which this appeal is taken be regarded as final. Unquestionably, Judge Greenfeld decided the issue which the parties regarded as most important, whether the Commissioner has the authority to require the insurance companies to return excess premiums collected during the appeal period. By its construction of Art. 48A, § 242B (2), the court held that the Commissioner did have such authority. But it went no further. The court carefully pointed out that its decision in regard to § 242B (2) *"permits the Commissioner to exercise his discretion under Sec. 55A."* (Emphasis added). Then the court added:

> "The Court today *only expresses the view* that there is sufficient cause for the Commissioner to invoke his *discretionary* powers under Sec. 55A, but the Court in no way intimates to what extent this *discretion* should be exercised." (Emphasis added).

2. Although in *Schlossberg v. Schlossberg*, 275 Md. 600, 612, 343 A. 2d 234 (1975), we affirmed a dismissal of the appeal, as not having been taken from a final judgment, we did proceed to state what our decision would have been if the case were properly before us. This we shall not do here because the issue decided by the Baltimore City Court may not be determinative of the outcome.

The court concluded by remanding the case "to the Commissioner for a hearing on the extent to which he should invoke his *discretionary* powers under Article 48A, Section 55A." (Emphasis added).

That § 55A is discretionary in tenor cannot be doubted. It provides that the Commissioner *"may ...* require that restitution be made by such insurer to any person who has suffered financial injury or damage as a result of such violation." (Emphasis added). Far greater in significance here is the fact that the court itself neither ordered a refund nor required the Commissioner to do so.

Additionally, the court's decision explicitly recognized the presence of other issues remaining for determination by the Commissioner. These the court enumerated:

> ". . . [I]t would be appropriate for the Commissioner to consider the circumstances under which the deemer rates [3] were collected during the Appeal Period, the length of time the refunds have not been forthcoming to the Appellants, the existence *vel non* of a tender of a refund to the Appellants by the Companies, and the difference in coverage (if any) afforded the Appellants under the policies issued with the deemer rates."

The concluding phrase is a reference to an argument vigorously maintained by the insurance companies at each level of judicial review: that to sustain appellees' version of § 242B (2) would create insurmountable administrative problems for the insurance companies. This consequence would follow, they say, because the rate filing in question dealt with not only an increase in rates, but also a change in

---

3. In the 1969 rate proceedings, the requested rate schedules became effective by operation of law pursuant to Code (1957, 1972 Repl. Vol., 1976 Cum. Supp.) Art. 48A, § 242 (d) (7), which, with exceptions not relevant here, provides that a rate filing pending for the required waiting period of 15 days, or for an additional period not to exceed 15 days if extended by the Commissioner, "shall be deemed approved unless disapproved by the Commissioner within the waiting period or any extension thereof." Rates becoming effective in this manner are characterized in the insurance industry as "deemer" or "deemed" rates. Md. Fire Underwriters v. Insur. Comm'r, 260 Md. 258, 261 n. 2, 272 A. 2d 24 (1971).

policy forms. The companies argue here, for example, that the interpretation of the Baltimore City Court "would require insurers to revoke retroactively and reissue thousands of insurance policies in order to replace the forms with those in effect prior to June 1, 1969." Small wonder, then, that the court below heeded the observation of Chief Judge Hammond for this Court in *Insurance Comm'r v. Nat'l Bureau*, 248 Md. 292, 299, 236 A. 2d 282 (1967), that an administrative agency such as that directed by the Commissioner:

> "... operates in its particular field or specialty continuously over the years and produces an expertise and a superior ability both correctly to evaluate specialized questions and to supply correct answers to these questions — often due largely to the staff of permanent, expert employees who serve under the successive heads of the agencies . . . ."

In short, there yet remain for decision complex issues which have been remanded for determination by the agency most qualified to resolve them. To urge, as the insurance companies do in response to the motion to dismiss, that "the matter has been fully heard and considered by the Insurance Commissioner, and [that] the remand is for the purpose of considering limited issues of no interest to this appeal" is to controvert the very arguments which they strenuously advance here for reversal.

What appellants actually contend for is an exception to the "final judgment" rule, one similar to the federal Interlocutory Appeals Act, 28 U.S.C. § 1292 (b) (1970), which allows appeals from interlocutory orders if the appellate court is of the opinion that an order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the termination of the litigation. The short answer to this argument is that we have no comparable provision in Code (1974, 1976 Cum. Supp.), § 12-303 of the Courts & Judicial

Proceedings Article. Nor does the Baltimore City Court decision otherwise come within any of the appealable interlocutory orders enumerated in § 12-303.

In the final analysis, to agree with appellants in respect to this motion would be to countenance piecemeal appeals, the avoidance of which lies at the very heart of the final judgment rule. It should not be overlooked that all questions raised by appellants here will be preserved for review in the event of any future appeal. In this respect, the case differs sharply from *Montgomery County v. Walker*, 228 Md. 574, 578, 180 A. 2d 865 (1962), heavily relied upon by the insurance companies, where we said that unless we considered the point there being advanced by the appellant, "it would then be too late to cure the mischief and prejudice that appellant alleges would result . . . ."

We hold that since the judgment of the Baltimore City Court was not final, this appeal was taken prematurely. It follows from what we have said that we carefully refrain from expressing an opinion, not only in regard to the decision of the Baltimore City Court, but also on the extent to which the Commissioner's discretion under Art. 48A, § 55A should be exercised.

*Appeal dismissed; costs to be paid by appellants.*